PER CURIAM.
This is a motion brought by defendant, Carvin Clayton, requesting this court to set a reasonable bond for defendant’s release from jail pursuant to Rule 6.15, Florida Appellate Rules, 32 F.S.A.
It appears that the defendant was granted a new trial pursuant to his motion under Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A.; however, the order granting the new trial is presently on appeal in this court, and the trial court has denied the defendant’s application for bail on the ground that it is without jurisdiction to act because of the pending appeal. We do not agree.
It is our view, and we so hold, that the trial court, after granting a new trial and pending review of such order, does have jurisdiction to fix bail and that the application therefor should have been considered by the trial court as though it were an application being made by the defendant prior to conviction.
Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., is our state counterpart to 28 U.S.C.A. § 2255 in the federal system. Our research in both jurisdictions has failed to uncover a case dealing squarely with the point here; however, it is generally held that petitions pursuant to Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., are analogous to the writ for habeas corpus and should be accorded the same procedural treatment. See 28 U.S.C.A. § 2255. The custody and bail requirements of a petitioner awaiting review of a writ of habeas corpus are within the jurisdiction of the court rendering the decision on that writ. See 5th Cir.R. 33; 10th Cir.R. 29; and substantially similar rules of court in this area in the remaining United States Courts of Appeals cited in 28 U.S.C.A., United States Courts of Appeals Rules.
For the reasons stated, the trial court should exercise its jurisdiction to consider appellant’s application for bail.
It is so ordered.